IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICHARD PAUL HARRIS,

                Plaintiff,                OPINION AND ORDER

v.

                                                  22-cv-387-wmc

CHRISTOPHER GIESE,

                Defendant.

---

In this case scheduled for a jury trial on March 31, 2025, in Madison, Wisconsin, plaintiff Richard Harris claims that defendant Juneau County Sheriff's Lieutenant Christopher Giese violated his Fourteenth Amendment rights by using unreasonable force when he tased Harris despite his cooperation while being restrained. The following order addresses the parties' motions in limine in advance of the final pretrial conference ("FPTC") on March 25, 2025.

OPINION

A. Plaintiff's motions in limine

1. **Exclude evidence of plaintiff's prior arrests, convictions and disciplinary record (dkt. #105)**

Plaintiff argues that his arrest, conviction and disciplinary histories are irrelevant. Defendant does not oppose excluding plaintiff's arrest history, so that portion of the motion will be GRANTED IN PART as unopposed. However, defendant does object to excluding both plaintiff's convictions and disciplinary record, seeking to introduce five of plaintiff's prior convictions: (1) one count of second-degree recklessly endangering safety (2023 felony); (2) one count of bail jumping (2024 felony); (3) one count of OWI causing

injury (2016 felony); and (4) two counts of falsely presenting a noncontrolled substance (1993 misdemeanors).

The first three convictions are admissible under Fed. R. Evid. 609, subject to Rule 403, as they are felonies punishable by imprisonment for greater than one year and occurred in the past ten years. As is this court's general practice, defendant may ask plaintiff whether he has been convicted of three felonies. Additional details regarding the nature of those offenses would have little probative value and likely be unfairly prejudicial. Accordingly, that information will only be allowed to impeach in the unlikely event plaintiff were to deny the correct number of his felony convictions.

As for the 1993 misdemeanors, defendant argues that they are relevant because falsely presenting a noncontrolled substance involves a dishonest act or false statement, and plaintiff's credibility is a central issue in the case. Rule 609(a)(2) permits the introduction of evidence of a criminal conviction, regardless of the punishment, if "the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement." Fed. R. Evid. 609(a)(2). However, "if more than 10 years have passed since the witness's conviction or release from confinement," evidence of the conviction is only admissible if its probative value "substantially outweighs its prejudicial effect." *Id.* 609(b). Here, any probative value of plaintiff's more-than-two-decade-old, misdemeanor convictions is outweighed by the risk that the jury will be confused by or give undue weight to the offenses themselves. Thus, the court will exclude evidence of plaintiff's misdemeanor convictions.

Defendant also seeks to introduce evidence of two of plaintiff's state court criminal cases, asserting that the cases show that he knew that plaintiff "had a history of violence within and outside of correctional settings." (Dkt. #112, at 5.) *First*, in Juneau County Circuit Court, plaintiff was charged with physical abuse of a child-intentionally causing bodily harm. (Dkt. #129-1.) The complaint alleged that plaintiff had slapped and tried to drown a child. (*Id.*) However, as plaintiff points out, he was not convicted of physical abuse of a child-intentionally causing bodily harm, and a criminal *charge* alone is not admissible under Rule 609. *Wiseman v. Tastefully Better*, No. 19-CV-1441, 2023 WL 3200229, at *5 (N.D. Ill. May 2, 2023) ("it is clear that the evidence of any arrest or charge that did not result in conviction is not subject to Rule 609"). Ultimately, plaintiff was found guilty of a felony -- second-degree recklessly endangering safety. https://wcca.wicourts.gov/caseDetail.html?caseNo=2021CF000049&countyNo=29&mode=details. That conviction is among those that defendant may ask about in general, subject to the restrictions identified above. Beyond that, defendant will have to proffer evidence of his awareness of the specifics of that conviction *before* the events at issue here. Thus, the court will reserve ruling on any additional admissibility pending defendant's proffer at the FPTC.

*Second*, in Waushara County Circuit Court, plaintiff was found guilty of battery -- a misdemeanor that is not admissible under Rule 609(a)(1), (2). Wis. Stat. § 940.19. Again, however, the court will reserve pending proof of defendant's *advance* knowledge of this activity.

3

Finally, as to disciplinary history, defendant seeks to introduce evidence of plaintiff's disciplinary reports for the time leading up to defendant's use of force, as well as other disciplinary records that defendant was aware of at the time he tased plaintiff. The court is inclined to exclude this evidence as well, but it will also reserve pending defendant demonstrating that some portion of plaintiff's disciplinary history is admissible and sufficiently relevant at the FPTC.

Thus, plaintiff's motion to exclude his convictions, criminal history and disciplinary history is GRANTED IN PART, DENIED IN PART and RESERVED IN PART as described above.

2. **Exclude references to plaintiff's conduct on June 24, 2022, prior to his removal from jail cell 1576 (dkt. #106)**

Plaintiff moves to exclude all evidence, testimony or argument regarding his conduct prior to removal from Jail Cell No. 1576 on June 24, 2022, the date of the taser incident. This motion will be DENIED, as plaintiff's conduct leading up to the tasing provides relevant context. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) ("objective reasonableness turns on the facts and circumstances of each particular case") (quotation marks omitted). This is particularly true for an assertion of excessive force in violation of the Fourteenth Amendment as reflected in the substantive jury instructions.

3. **Exclude lay opinion testimony (dkt. #107)**

Plaintiff also argues that defendant should be precluded from offering opinion testimony from any lay witness regarding effective taser deployment, taser use, or whether his deployment of a taser twice against plaintiff was reasonable. Defendant does not intend to proffer lay testimony that defendant's use of force was reasonable or proper, so that

4

portion is GRANTED as unopposed. Under Rule 701, lay witnesses may not offer opinion testimony if it is "based on scientific, technical, or other specialized knowledge[.]" Fed. R. Evid. 701; *Ellis v. Country Club Hills*, No. 06 C 1895, 2011 WL 6001148, at *6 (N.D. Ill. Dec. 1, 2011) (absent expert testimony, limiting defendants to testifying to their personal experience operating a taser and plaintiff to his experience being targeted with a taser). However, the remainder of plaintiff's motion to preclude testimony about tasers is overbroad, because he has not identified the specific testimony that he seeks to exclude. For his part, defendant represents that he and his fellow officers will testify about their taser training, the different ways to deploy a taser, and their training on when to deploy a taser on an inmate. Accordingly, this motion is RESERVED pending further proffers by both sides at the FPTC.

    4. **Sequester all non-party, fact witnesses (dkt. #108)**

This motion is GRANTED as unopposed.

**B. Defendant's motion to exclude expert testimony of Kenneth Miller (dkt. #109)**

The court will RESERVE on defendant's motion to exclude the testimony of plaintiff's expert Kenneth Miller. To begin, criticisms of Miller's experience (or lack thereof) with tasers in a jail setting appear to go to the weight of his testimony, rather than its admissibility. However, Miller's apparent reliance solely on the Juneau County Sheriff Office's own policies and inclusion of detailed descriptions of the incident in his report suggest that his testimony may not be based on special experience, nor particularly helpful to the jury. Fed. R. Evid. 702 (proponent of expert testimony must demonstrate that "expert's scientific, technical, or other specialized knowledge *will help the trier of fact* to

5

understand the evidence or to determine a fact in issue") (emphasis added). Accordingly, the court is concerned about both the substance and scope of Miller's proposed testimony, as well as the basis for it. In particular, the court is concerned about the possibility that his testimony might usurp the role of the jury and will hear more argument at the FPTC. Accordingly, this motion is RESERVED.

**C. Defendants' omnibus motion in limine (dkt. #112)**

    **1. Preclude any argument based upon the Golden Rule or other improper appeal to passions and sympathies**

This motion is GRANTED as unopposed.

    **2. Preclude plaintiff from providing lay opinions about the law**

Defendant seeks to prohibit plaintiff from testifying about his understanding of the law or his specific beliefs about his rights. This court's responsibility is to explain the law to the jurors, so *no* witness will be allowed to testify on this subject. Thus, the motion is both unnecessary and MOOT. Of course, plaintiff and defense counsel will be permitted to argue in closing as to how the jury should apply the applicable legal standards to the facts.

    **3. Sequester non-party witnesses**

Although largely duplicative, this motion is GRANTED as unopposed, with the caveat that expert witnesses will not be sequestered.

6

4. **Preclude any testimony, from expert witnesses or other witnesses, regarding what they would or would not have done if confronted with the same circumstances confronting defendant**

This motion is RESERVED pending resolution of defendant's motion to exclude Miller. Generally, however, experts may testify about the range of options available to officers in using force, as well as training and policies for exercising those options. *See Kladis v. Brezek*, 823 F.2d 1014, 1019 (7th Cir. 1987) (district court appropriately exercised its discretion in allowing police expert to testify about the proper level of force in various situations).

5. **Admit evidence of plaintiff's prior criminal convictions and disciplinary history**

The court already addressed this motion in its discussion as to plaintiff's first motion in limine.

6. **Preclude plaintiff from presenting any evidence relating to the fact that defendant may be covered by insurance in this case**

Defendant's motion to preclude evidence that he may be covered by insurance is GRANTED, unless defendant opens that door. Neither side should make any reference to defendant's ability to pay damages or to what entity will ultimately pay damages. *See Lawson v. Townbridge*, 153 F.3d 368, 379 (7th Cir. 1998) ("In the general case courts exclude evidence of indemnification out of a fear that it will encourage a jury to inflate its damages award because it knows the government—not the individual defendants—is footing the bill."). In particular, should defendant argue or suggest an inability to pay some or all damages, then he may open the door to the introduction of evidence of

7

insurance. Absent such a ruling by the court *outside* the hearing of the jury, however, the court's exclusion of this evidence stands.

7. **Barring any party from calling any witness not previously disclosed, including expert witness opinions not timely disclosed**

This motion is GRANTED as unopposed.

8. **Preclude use or reference to any exhibit not filed or disclosed, except those exhibits that may be used for impeachment purposes**

This motion is GRANTED as unopposed.

9. **Preclude plaintiff from (1) using or referring to any document or exhibit requested in discovery not disclosed pursuant to the scheduling order, and (2) seeking to recover damages from any injury not disclosed in response to discovery requests**

Plaintiff does not oppose defendant's motion to preclude reference to any document or exhibit requested in discovery and not disclosed, so the motion is GRANTED IN PART. However, plaintiff opposes the second part of the motion to the extent that it seeks to bar him from recovering damages for injuries discussed in detail in his interrogatory responses, Rule 26 disclosures, or deposition testimony. Neither party provides details about the damages that might be excluded under the second part of this motion, so the court will RESERVE IN PART pending further proffer at the FPTC.

10. **Preclude plaintiff from introducing evidence of: (1) any other alleged uses of force by defendant, apart from those at issue in this case, including his actions in *Coder v. Giese*, 21-cv-109-wmc (W.D. Wis.); and (2) any other use of force incidents in the county or anywhere else**

This motion is GRANTED as unopposed. Neither party should discuss or reference the *Coder* case or any other cases of excessive force.

> **11. Preclude plaintiff from introducing any evidence, testimony or argument referencing Juneau County standards, policies, and procedures as a way of establishing a standard for defendant's conduct**

This motion will be DENIED. *See United States v. Brown*, 871 F.3d 532, 537 (7th Cir. 2017) (explaining that the Seventh Circuit has no rule that "evidence of police policy or procedure will never be relevant to the objective-reasonableness inquiry"). At bottom, plaintiff's claim does not turn on whether defendant followed specific standards. However, the court will not preclude either party from introducing evidence about training or policies that may be relevant in considering the reasonableness of defendant's use of force. As already proposed, the court will also issue a limiting instruction to the jury regarding its proper consideration of Juneau County or other standards, policies, and procedures for use of force in a Fourteenth Amendment case. If the parties need further guidance as to the possible relevance of such evidence, they may make a proffer and seek clarification at the FPTC.

> **12. Exclude the testimony of Kenneth Miller (dkt. #109) or, in the alternative, to preclude Miller from making specific opinions**

Defendant seeks to preclude Miller from testifying that: (1) a Taser inflicts extreme pain; (2) defendant's conduct violated jail policy; (3) defendant's uses of force were unreasonable; and (4) defendant was subject to any "best," "standard," or "generally-accepted" practices. This motion is GRANTED as to any testimony, expert or otherwise, as to the ultimate question of the reasonableness of defendant's uses of his taser, but otherwise RESERVED for discussion at the FPTC, along with defendant's motion to exclude Miller's testimony.

9

**13. Preclude evidence regarding indemnification or insurance**

This motion is GRANTED as unopposed on the same basis as defendant's MIL #6.

**14. Preclude evidence, testimony or argument that Juneau County failed to conduct an investigation or administrative review related to the use of force in this case**

This motion is GRANTED as unopposed and includes prohibiting defendant from arguing or suggesting that the County's investigation (or lack thereof) suggests that his actions were appropriate or endorsed by the County.

**15. Preclude evidence, testimony or other argument that officers on the scene should have turned their body cameras on or that Juneau County should have retained its surveillance camera footage**

This motion is GRANTED as unopposed IN PART as to the argument that Juneau County should have retained footage but RESERVED IN PART as to whether the officers had body cameras or turned on their body cameras. Defendant argues that there is no evidence that any officers had a body camera, but as plaintiff points out, defendant testified at his deposition that he did not turn his on, at least implying that he *was* wearing a body camera. (Giese Dep. (dkt. #100) 30.) Thus, further discussion shall be necessary at the FPTC.

**16. Preclude evidence, testimony or argument regarding less than lethal use of force options. And in particular, whether less force could have been used or what the minimum amount of force could have been**

It is not entirely clear what defendant is referring to, as neither party has suggested that the taser was "lethal," but defendant also asserts that he was not required to use the minimum level of force. Regardless, a use of force is "excessive" if there were less forceful

alternatives, so whether there were less forceful alternatives is relevant to whether defendant's use of force was reasonable.  Nevertheless, this motion is RESERVED pending defendant clarifying at the FPTC what evidence he seeks to preclude.

> **17. Preclude plaintiff from introducing new evidence that was not disclosed during initial disclosures, including evidence of physical or emotional injury related to the use of force**

Plaintiff asserts that he fully disclosed the extent of his physical and mental injuries in his discovery responses.  Specifically, plaintiff asserts that he explained in response to defendant's interrogatories that he twice requested medical attention after being tased but was denied it. (Dkt. #111-6, at 7-8.)  Plaintiff further asserted in discovery responses that he suffered several burn marks from the taser and had "scars" for several months.  (*Id.* at 5-6.)  At his deposition, plaintiff also testified that the tasing of his leg caused him "ten [out of ten]" pain, and the chest tasing was "[t]he worst nightmare of [his] life," explaining that it "went through [his] entire skeletal structure.  It was horrible." (Harris Dep. (dkt. #101) 32.)  Plaintiff continued "[i]t's a little bit emotional when you get talking about this kind of thing," and "[i]t's dehumanizing, belittling, besides being strapped down and assaulted." (*Id.* at 35.)  Although the court is inclined to deny defendant's motion, the court will once again RESERVE so that defendant may attempt to clarify his actual request at the FPTC.

> **18. Preclude testimony or argument that plaintiff was the "victim" of the incident or of any particular conduct on the day of the incident**

  This motion is GRANTED as unopposed.

11

**19. Preclude argument, testimony or other evidence regarding defendant's employment or disciplinary records**

Although this motion is unopposed, the court will RESERVE pending proffers from both parties as to whether there are any employment or disciplinary records and its possible relevance.

**20. Preclude lay opinions regarding physical or mental diagnosis or causation**

Neither plaintiff nor any other lay witness may render medical opinions about the causation of plaintiff's injuries, permanence of injuries, future care and treatment, or future pain and suffering. *See Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001) ("A nonexpert is not permitted to give expert testimony. Wholly lacking in medical knowledge as he was, the plaintiff was incompetent to testify on the causal relation if any between exercise and healthy gums." (citation omitted)); *see also United States v. Conn*, 297 F.3d 548, 554 (7th Cir. 2002) (lay opinion testimony is not permissible regarding "specialized explanations or interpretations that an untrained layman could not make" (quotation marks omitted)).

Nevertheless, plaintiff and other lay witnesses may testify about their own perception of his physical and mental health before and after the tasing incident, including plaintiff's subjective belief as to his experience, provided that this testimony does not exceed lay opinion under Federal Rule of Evidence 701. Likewise, defendant may challenge those lay observations on cross-examination.

Should the parties need further guidance about the limits of the evidence plaintiff may seek to admit related to his damages, they should be sure to address it with the court

12

during the FPTC. Accordingly, defendant's motion is GRANTED IN PART and DENIED IN PART as described above.[1]

### 21. Preclude testimony or other evidence that plaintiff still has scars from the tasing

Defendant appears to ask the court to preclude testimony or evidence that plaintiff *still* has scars from being tased.  Plaintiff responds that he disclosed that he had scars from the tasing before the close of discovery.  Specifically, the discovery cutoff date was February 14, 2025, (dkt. #71), and plaintiff served his second amended discovery responses, including a response to an interrogatory indicating that he had scars for several months after being tased, on February 12, 2025.  (Dkt. #111-5, at 6, 12.)  The court will RESERVE on this motion pending defendant identifying the precise evidence and testimony he seeks to exclude, and plaintiff's intent, if any, to offer evidence that he still has scars, as well as the reason for such a late amendment.

### 22. Preclude testimony or other evidence of special damages

This motion is GRANTED as unopposed as plaintiff has requested only actual and punitive damages.

---

[1] Defendant also appears to ask the court to preclude plaintiff from seeking damages for emotional distress because his testimony at his deposition (*e.g.*, "It's a bit emotional when you get talking about this kind of thing . . . . It's dehumanizing, belittling, besides being strapped down and assaulted") was too conclusory to support such damages.  However, the court will not preclude plaintiff from testifying to or seeking damages for emotional distress as appropriate during any damages phase of trial.

ORDER

IT IS ORDERED that:

1) Plaintiff's motions in limine (dkt. ##105-108) are GRANTED IN PART, DENIED IN PART, and RESERVED IN PART as set forth above.

2) Defendant's motion to exclude the expert testimony of Kenneth Miller (dkt. #109) is RESERVED.

3) Defendant's motions in limine (dkt. #112) are GRANTED IN PART, DENIED IN PART and RESERVED IN PART as set forth above.

Entered this 21st day of March, 2025.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge